*228 OPINION of the Court, by
Judge Trimble.-
— In su;t Bullock sought relief by bill in chancery from a judgment at law, and obtained a decree in his favor, The propriety of that decree is now to be investigated. He founds his equity on the following certificate : “ Jefferson county, set. December court 1781, John M’Cullum gives satisfactory proof to the court, that jle was prevented from laying in his claim before the . \ ^ r 1 • ¶ • • ¶ commissioners, on account of his being in the continental service ; and it appearing to the court, that he is en-t'tkd t0 the pre-emption of 1000 acres of land, lying on the Caney run of the south fork of Simpson’s creek, in-eluding the foundation of a cabin about ten feet square ancj an acre deadened, with a large ash tree mark* ed I M C C, made the 20th of May 1776.”
*229 This certificate, if it can be so styled, is very informal, and is essentially deficient in substance, if it cannot be aided by the evidence in the cause. It contains only a recital of the facts proven before the county court, upon 1 ,. . y , t which the right to a grant ot a pre-emption was claimed ; but contains no grant or adjudication, of the right of pre-emption. This defect might, perhaps, be remedied by indulging the presurhption that a grant was intended, although inartificially expressed, if the certificate on its face contained enough to authorise the grant. But the certificate does not express, that M’Cullum had either “ marked out and chosen for himself the land/’ or “ that he had built a house or hut, or made other improvements thereon,” or in other words, it does not express “the cause for pre-emption.” That the certificate should express “the cause for pre-emption,” is not only required by the spirit, but also by the letter of ths land law. Even if this defect could be supplied by pa-rol proof, which is somewhat doubtful, the evidence in the cause on this point, is as defective as the certificate. For these reasons, it seems to us, that the certificate is void as against the defendants, who had by virtue of their prior entry a pre-existing vested right ; it will therefore be unnecessary to enquire, whether John M’Cul-lum was, or was not one of that description of citizens, who had by law a right to make application to the county court for a right of pre-ernption. As M’Cul-lum’s claim cannot be sustained as a pre-emption, it might be necessary to enquire whether his claim might not be sustained, by virtue of the entry made by Hite, his assignee, with the surveyor, as a treasury warrant; but the entry with the surveyor bears date on the 31st day of January 1784, and it appears from the complainant’s own bill, that Fitche’s patent for the land in controversy, issued on the 1st day of September 1782 ; so that the land was not, at the date of Hite’s entry, as assignee of M’Cullum, waste and unappropriated, and consequently could not be appropriated by Hite’s entry as upon a treasury warrant.
Upon the whole, we are of opinion that the inferior court erred in sustaining the claim of the complainant, to the prejudice of the cider and better title of the defendants. — «—Decree reversed.